# EXHIBIT A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Washington Nationals Baseball Club, LLC )
1500 South Capitol Street, S.E. )
Washington, DC 20003 )
)
*Plaintiff* )
) Civil Action No. 13-0003114
v. )
) **JURY TRIAL DEMANDED**
Westchester Fire Insurance Company )
436 Walnut Street )
Philadelphia, PA 19106 )
)
*Defendant* )
)

FILED MAY 03 2013

## COMPLAINT

### NATURE OF THE ACTION

1. This action is a dispute between Plaintiff Washington Nationals Baseball Club, LLC ("the Nationals") and Defendant Westchester Fire Insurance Company ("Westchester") regarding Westchester's breach of contract and breach of duty of good faith in failing to pay insurance benefits due to the Nationals.

2. The Nationals contracted with Westchester for one million dollars of commercial crime insurance coverage to protect the Nationals against employee dishonesty, theft, and fraud. At all times, the Nationals performed their obligations under the insurance contract.

3. But when the Nationals submitted a claim to Westchester for an incident of employee theft and fraud covered by the insurance contract, Westchester denied the claim without reasonable basis and only after dragging its heels and delaying its investigation for months. This wrongful denial and these bad faith delays breached the parties' contract and breached Westchester's duty of good faith to the Nationals.

## THE PARTIES

4. Plaintiff Washington Nationals Baseball Club, LLC is a limited liability company incorporated in the District of Columbia, with its principal place of business at 1500 South Capitol Street, S.E., Washington, DC 20003.

5. Upon information and belief, Defendant Westchester Fire Insurance Company, a subsidiary of ACE U.S. Holdings, Inc., is incorporated in the Commonwealth of Pennsylvania, with its principal place of business at 436 Walnut Street, Philadelphia, PA 19106.

## JURISDICTION

6. This Court has jurisdiction over the subject matter of this action under D.C. Code § 11-921. There is an actual and justiciable controversy between the parties.

7. Westchester is subject to personal jurisdiction in the District of Columbia under D.C. Code § 13-423.

## FACTUAL BACKGROUND AND STATEMENT OF CLAIMS

8. Westchester contracted with the Washington Nationals to provide a commercial crime insurance policy. The policy has a one million dollar coverage limit. The policy provides the Nationals coverage against, among other things, employee theft, dishonesty, and fraud.

9. At all times, the Nationals have in good faith performed their obligations under the insurance contract.

10. On July 2, 2006, after receiving verification of his birth date, the Nationals signed to a minor league contract a player they believed to be a 16-year-old Dominican Republic native named Esmailyn Gonzalez. The contract provided for a $1.4 million signing bonus and a modest salary. Prior to the Nats having signed Gonzalez, both the New York Yankees and the Texas Rangers also had expressed interest in Gonzalez given his skill level and apparently young age.

11.     On October 11, 2006, the Nationals paid Gonzalez the $1.4 million bonus called for by the contract.

12.     It subsequently came to light that Gonzalez's real name was Carlos Alvarez Lugo and that in fact he was 20 years old at the time he signed his contract with the Nationals, not 16 years old. Lugo executed an affidavit detailing his fraud, including that he kicked back $300,000 of his bonus to Jose Rijo, at the time a special assistant to the Nationals' General Manager. Upon information and belief, Jose Baez, at the time the Nationals' Director of Dominican Republic Operations, also was involved in the scheme to defraud the Nationals. The Nationals subsequently terminated both Rijo and Baez.

13.     The revelation of Lugo's true age immensely lessened the significance of Lugo's baseball skill set. That is, a player with Lugo's talent level at age 16 is worth considerably more in the market for baseball prospects than is a player with Lugo's talent level at Lugo's actual age of 20.

14.     Had they known Lugo's true age and identity at the time, more likely than not, the Nationals would have paid Lugo no bonus at all. The $1.4 million signing bonus thus represented a complete loss resulting from the employee dishonesty, theft, and fraud of Rijo, Baez, and Lugo.

15.     After learning of the fraud, the Nationals reported the incident to Westchester as employee dishonesty falling within the terms and conditions of the parties' insurance contract. The Nationals subsequently submitted an extensive and detailed proof of loss package to the ACE Group (Westchester's parent) detailing this employee dishonesty, fraud, and theft.

16.     Westchester waited more than three months to respond and even then—in spite of the considerable detail already received from the Nationals—requested further proof of loss,

including an extensive, redundant, and burdensome list of additional documents and a request for interviews with Nationals employees.

17. After receiving the Nationals' responses to these detailed and cumbersome requests and nearly a year after the Nationals submitted their original proof of loss package, Westchester again informed the Nationals that Westchester was continuing to investigate the claim and that Westchester still needed to conduct witness interviews. For more than a year thereafter, Westchester provided the Nationals with no substantive information on the Nationals' claim.

18. Finally, nearly two years after the Nationals first submitted their proof of loss, Westchester denied the Nationals coverage.

19. Significantly, on precisely the same facts, Chartis, the Nationals' excess loss insurer, paid the Nationals substantially all of the Nationals' loss in excess of Westchester's liability limit for this policy.

20. In the ensuing months, Westchester repeatedly rebuffed the Nationals' good faith efforts to resolve this coverage dispute. Left with no alternative, the Nationals request this Court's intervention to remedy Westchester's breaches.

## COUNT I
### (Breach of Contract)

21. The Nationals repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs.

22. The insurance policy between Westchester and the Nationals established a binding contractual relationship between the parties.

23. At all times, the Nationals performed their obligations under this contract.

24. The dishonesty, theft, and fraud perpetrated by Lugo, Rijo, and Baez constituted an occurrence of loss covered by the parties' insurance contract.

25. Westchester breached this insurance contract with the Nationals by wrongfully denying coverage and refusing to pay the Nationals.

26. The Nationals were damaged by Westchester's breach.

27. WHEREFORE, the Nationals demand judgment against Westchester for (1) damages of not less than $1,000,000, plus interest and costs of collection; and (2) any other and further relief as this Court may deem just and proper.

## COUNT II
### (Breach of Duty of Good Faith)

28. The Nationals repeat, reallege, and incorporate by reference the allegations of the preceding paragraphs.

29. Under District of Columbia law, there is implied in every insurance contract a duty of the insurer to deal with the insured in good faith. Thus, Westchester had a duty to deal with the Nationals in good faith.

30. Westchester breached its duty of good faith to the Nationals by, among other things:

    a. Failing to acknowledge and act with reasonable promptness upon the Nationals' communications with respect to their claim arising under the insurance policy.

    b. Delaying the investigation of the Nationals' claim by requiring the Nationals to submit both a formal, detailed, and substantial proof of loss package and additional redundant and unreasonably burdensome documentation.

    c. Upon information and belief, failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

    d. Failing to affirm or deny coverage of the Nationals' claims within a reasonable time after the Nationals submitted their proof of loss.

    e.    Failing to promptly provide the Nationals a reasonable explanation of the factual and legal basis in the insurance policy for denial of the Nationals' claim.

    f.    Denying the Nationals' insurance claim without reasonable basis.

    g.    Treating the Nationals throughout the claims process as its adversary rather than as its insured.

    h.    On information and belief, deviating from standard claims handling procedures detailed in Westchester's claims manuals.

    i.    Unreasonably interpreting policy language in such a way as to find a means to deny the Nationals coverage rather than to accept and pay the Nationals' claim promptly and properly.

31.    The Nationals were damaged by Westchester's breach of the duty of good faith.

32.    WHEREFORE, the Nationals demand judgment against Westchester for (1) damages of not less than $1,000,000, plus interest and costs of collection; and (2) any other and further relief as this Court may deem just and proper.

## PRAYER FOR RELIEF

33.    WHEREFORE, the Nationals respectfully request that this Court:

    a.  Order Westchester to pay an award of compensatory and consequential damages in an amount to be determined at trial;

    b.  Grant such other and further relief as the court may deem just and proper, including, but not limited to, prejudgment interest and payment of the Nationals' reasonable costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

34.    The Nationals demand a jury trial on all issues so triable.

Respectfully submitted,

By: *[signature]*
Dane Butswinkas, Esq. (D.C. Bar 425056)
Liam J. Montgomery, Esq. (D.C. Bar 991205)

WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
dbutswinkas@wc.com
lmontgomery@wc.com

*Attorneys for Plaintiff Washington Nationals Baseball Club, LLC*

Dated: May 3, 2013



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Washington Nationals Baseball Club, LLC
_____
Plaintiff

vs.

Westchester Fire Insurance Company
_____
Defendant

Case Number  13-0003114

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Liam J. Montgomery
_____
Name of Plaintiff's Attorney

Williams & Connolly LLP
_____
Address
725 Twelfth Street, N.W.
_____
Washington, DC  20005
_____
Telephone (202) 434-5030

Clerk of the Court

By _____
Deputy Clerk

Date May 3, 2013

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Đề có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Washington Nationals Baseball Club, LLC
_____
                              Demandante

           contra

Westchester Fire Insurance Company                   Número de Caso: _____
_____
                              Demandado

**CITATORIO**

Al susodicho Demandado:

      Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

      A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Liam J. Montgomery                                        *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

Williams & Connolly LLP
_____           Por: _____
Dirección                                                                                Subsecretario
725 Twelfth Street, N.W.
_____

Washington, DC 20005
_____           Fecha  May 3, 2013
Teléfono  (202) 434-5030

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    ኣስተርጓሚ ትደልዩ እንተኾንኩም (202) 879-4828 ደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET                **13-0003114**

Washington Nationals Baseball Club, LLC
vs
Westchester Fire Insurance Co.

Case Number: _____

Date: May 3, 2013

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* Liam J. Montgomery | Relationship to Lawsuit |
| Firm Name: Williams & Connolly LLP | ☐ Attorney for Plaintiff |
| Telephone No.: (202) 434-5030    Six digit Unified Bar No.: 991205 | ☐ Self (Pro Se) ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury     ☐ 6 Person Jury     ☒ 12 Person Jury
Demand: $ 1,000,000                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____    Judge: _____    Calendar #: _____
Case No.: _____    Judge: _____    Calendar #: _____

---

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**                                              **COLLECTION CASES**

☒ 01 Breach of Contract         ☐ 07 Personal Property            ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty         ☐ 09 Real Property-Real Estate    ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument      ☐ 12 Specific Performance         ☐ 17 OVER $25,000
☐ 15 Special Education Fees     ☐ 13 Employment Discrimination

**B. PROPERTY TORTS**

☐ 01 Automobile                 ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion                 ☐ 04 Property Damage                    ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 09 Harassment                   ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy          ☐ 18 Wrongful Death (Not Malpractice)
☐ 03 Assault and Battery         ☐ 11 Libel and Slander            ☐ 19 Wrongful Eviction
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference       ☐ 20 Friendly Suit
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution        ☐ 21 Asbestos
☐ 06 False Accusation            ☐ 14 Malpractice Legal            ☐ 22 Toxic/Mass Torts
☐ 07 False Arrest                ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 23 Tobacco
☐ 08 Fraud                       ☐ 16 Negligence- (Not Automobile, Not Malpractice)    ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Jan 13

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____
Attorney's Signature

May 3, 2013
_____
Date



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WASHINGTON NATIONALS BASEBAL CLUB, LLC
Vs.                                           C.A. No.        2013 CA 003114 B
WESTCHESTER FIRE INSURANCE COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge ANTHONY C EPSTEIN
Date:  May 3, 2013
Initial Conference: 9:30 am, Friday, August 02, 2013
Location:  Courtroom A-47
           515 5th Street NW
           WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

July 17, 2013

CASE NAME: WASHINGTON NATIONALS BASEBALL CLUB, LLC Vs. WESTCHESTER FIRE INSURANCE COMPANY

CASE NO. 2013 CA 003114 B

The above-captioned Civil Actions case has been scheduled for Scheduling Conference Hearing on the date and time shown below. The attorneys and any party not represented by an attorney must appear before Judge ANTHONY C EPSTEIN.

HEARING DATE: Friday, October 18, 2013
TIME: 9:30 am
LOCATION: 515 5th Street NW
Courtroom A-47
WASHINGTON, DC 20001

PLEASE BRING THIS NOTICE WITH YOU WHEN YOU APPEAR.

Civil Division